IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

MALIBU MEDIA, LLC,                    )
                                      )
              Plaintiff,              )
                                      )
       v.                             )        Civil Action No. 1:18cv0832 (CMH/JFA)
                                      )
JAMES HOWARD,                         )
                                      )
              Defendant.              )
_____)

## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

This matter is before the court on plaintiff Malibu Media, LLC's ("plaintiff" or "Malibu Media") amended motion for default judgment (Docket no. 23) against defendant James Howard ("defendant" or "Howard"). Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned magistrate judge is filing with the court his proposed findings of fact and recommendations, a copy of which will be provided to all interested parties.

### Procedural Background

On July 5, 2018, plaintiff filed a complaint against a John Doe defendant associated with a certain known Internet Protocol ("IP") address. (Docket no. 1). On July 9, 2018, this court granted plaintiff's request (Docket no. 5) to serve a third-party subpoena prior to a Federal Rule of Civil Procedure 26(f) conference on John Doe's internet service provider ("ISP"). (Docket no. 8). In response to the third-party subpoena, the ISP disclosed that James Howard was the person associated with the IP address identified in the complaint. On September 20, 2018, plaintiff filed an amended complaint substituting James Howard as defendant in this matter. (Docket no. 10) ("Am. Compl."). In its amended complaint, plaintiff alleges that Howard willfully downloaded, copied, and distributed without authorization all or portions of eight

copyrighted films owned by plaintiff using BitTorrent, a peer-to-peer file sharing protocol, in violation of 17 U.S.C. §§ 106(1), 106(3)–(5), and 501.  (Am. Compl. ¶¶ 2, 10–25).  The amended complaint seeks statutory damages, injunctive relief, attorney's fees, and costs.  (Am. Compl. at 6).

On September 20, 2018, a summons was issued for service on defendant.  (Docket no. 11).  On October 3, 2018, plaintiff filed a motion for an extension of time to serve the summons and the complaint (Docket no. 12), which this court granted on October 4, 2018 (Docket no. 14). On October 19, 2018, a return of service was filed by plaintiff confirming that Howard was personally served with the summons and the amended complaint on October 5, 2018.  (Docket no. 15).  In accordance with Federal Rule of Civil Procedure 12(a), defendant's responsive pleading was due October 26, 2018, twenty-one days after defendant was served with a copy of the summons and the amended complaint.  Defendant has not filed a responsive pleading and the time for doing so has expired.

On January 14, 2019, plaintiff filed its request for entry of default as to defendant pursuant to Federal Rule of Civil Procedure 55(a).  (Docket no. 16).  On January 15, 2019, the Clerk of Court entered default as to defendant pursuant to Federal Rule of Civil Procedure 55(a). (Docket no. 17).  On January 22, 2019, the court ordered plaintiff to promptly file a motion for default judgment, an accompanying memorandum in support, and a notice setting the hearing. (Docket no. 18).  On January 26, 2019, plaintiff filed a motion for default judgment (Docket no. 19), a memorandum in support (Docket no. 20), a declaration of John C. Decker, II (Docket no. 20-2), exhibits (Docket nos. 20-1, 20-3, 20-4, 20-5), and a notice setting the hearing for February 22, 2019 (Docket no. 21).  On February 1, 2019, the court entered an order requiring plaintiff to file a notice indicating whether it had served the appropriate *Roseboro* warning on defendant as

2

required by Local Civil Rule 7(K).  (Docket no. 22).  That same day, plaintiff filed an amended

motion for default judgment with the appropriate notice.  (Docket no. 23).  On February 22,

2019, plaintiff's counsel appeared before the undersigned pursuant to the notice of hearing and

no one appeared on behalf of the defendant.

### Factual Background

The following facts are established by the amended complaint.  Plaintiff Malibu Media,

LLC (d/b/a "X-Art.com") is a limited liability company organized under the laws of California,

with its principal place of business in Westlake Village, California.  (Am. Compl. ¶ 8).

Defendant James Howard is an individual residing in Ashburn, Virginia.  (Am. Compl. ¶ 9).

Plaintiff is the owner of the eight copyrighted films at issue in this action, which are detailed in

Exhibit B of plaintiff's amended complaint (Docket no. 10-3) and attached to this proposed

findings of fact and recommendations as Exhibit A.  (Am. Compl. ¶¶ 3, 22, 29).

The BitTorrent file distribution network ("BitTorrent") is a peer-to-peer file sharing

system that allows users to interact with one another to distribute large amounts of data,

including digital movie files.  (Am. Compl. ¶ 10).  BitTorrent allows individual users to

distribute large files, broken into small pieces called "bits," with other users without the use of an

intermediary host website.  (Am. Compl. ¶¶ 11-12).  After a user receives all of the bits of a

digital media file from other users, the user's BitTorrent client software reassembles the bits in

order to open and utilize the file.  (Am. Compl. ¶ 13).

Between October 13, 2017 and June 10, 2018, plaintiff's investigator, IPP International

UG ("plaintiff's investigator"), established direct TCP/IP connections with defendant's IP

address and downloaded one or more bits of each of the eight copyrighted films at issue in this

action through BitTorrent.  (Am. Compl. ¶¶ 17-24; Docket no. 10-2).  Plaintiff's investigator

further downloaded a full copy of each copyrighted film at issue from BitTorrent. (Am. Compl. ¶ 20). Through this process, plaintiff's investigator established that defendant downloaded, copied, and distributed a complete copy of each copyrighted film at issue on BitTorrent without authorization from plaintiff. (Am. Compl. ¶¶ 17-24). Plaintiff's evidence of multiple downloads from defendant to plaintiff's investigator indicates that defendant is a persistent BitTorrent user. (Am. Compl. ¶ 25).

## Proposed Findings and Recommendations

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Based on defendant's failure to file a responsive pleading, the Clerk of Court has entered a default as to James Howard. (Docket no. 17). A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that a court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter when necessary to enter or effectuate judgment.

## Jurisdiction and Venue

A court must have both subject matter and personal jurisdiction over a defaulting party before it can render a default judgment. Plaintiff brings this cause of action under the Copyright

Act of 1976, 17 U.S.C. § 101 *et seq*. This court has subject matter jurisdiction over the claim under 28 U.S.C. §§ 1331 and 1338. This court also has personal jurisdiction over defendant because defendant committed tortious acts in Virginia, resides in Virginia, and engaged in substantial and non-isolated activity in Virginia. (Am. Compl. ¶¶ 5, 9). Pursuant to 28 U.S.C. § 1391(b), venue is proper in this District because a substantial part of the events or omissions giving rise to the claim occurred in this District and defendant resides in this District. (Am. Compl. ¶¶ 7, 9).

Given that defendant is in default, and therefore admits the factual allegations in the amended complaint, the undersigned magistrate judge recommends a finding that this court has subject matter jurisdiction over this action, that this court has personal jurisdiction over defendant, and that venue is proper in this court.

## Service

Federal Rule of Civil Procedure 4(e)(2) provides that an individual may be served in a judicial district of the United States by "delivering a copy of the summons and of the complaint to the individual personally." Plaintiff's process server personally delivered a copy of the summons and amended complaint to defendant on October 5, 2018. (Docket no. 15). Pursuant to this court's order, plaintiff was required to serve defendant by October 29, 2018. (Docket no. 14). Based on the foregoing, the undersigned recommends a finding that service of process has been accomplished in this action.

## Grounds for Entry of Default

In accordance with Federal Rule of Civil Procedure 12(a), defendant was required to file a responsive pleading by October 26, 2018, twenty-one days after defendant was served with a copy of the summons and the amended complaint. No responsive pleading has been filed by

defendant and the time for doing so has expired. On January 14, 2019, plaintiff filed a request for entry of default against defendant by the Clerk of the Court pursuant to Federal Rule of Civil Procedure 55(a). (Docket no. 16). The certificate of service accompanying the filing indicates that plaintiff's counsel sent a copy to defendant at his mailing address. (*Id.* at 2). The Clerk of Court entered a default against defendant on January 15, 2019. (Docket no. 17).

On January 26, 2019, plaintiff filed a motion for default judgment (Docket no. 19), a memorandum in support (Docket no. 20), a declaration of John C. Decker, II (Docket no. 20-2), exhibits (Docket nos. 20-1, 20-3, 20-4, 20-5), and a notice setting the hearing for February 22, 2019 (Docket no. 21). The certificates of service accompanying the motion and memorandum in support indicate that plaintiff's counsel sent a copy of the motion, memorandum, exhibits, and declaration to defendant at his mailing address, but neither filings contain the *Roseboro* notice required by Local Civil Rule 7(K). (Docket nos. 19, 20). On February 1, 2019, this court entered an order requiring plaintiff to file a notice with the court indicating whether it had provided defendant with the appropriate *Roseboro* notice. (Docket no. 22). Plaintiff responded that same day by filing an amended motion for default judgment with the required *Roseboro* notice. (Docket no. 23). For these reasons, the undersigned magistrate judge recommends a finding that the Clerk of Court has properly entered a default as to defendant and that defendant has notice of these proceedings.

<u>**Liability**</u>

According to Federal Rule of Civil Procedure 54(c), a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Because defendant failed to file a responsive pleading and is in default, he admits the factual allegations in the amended complaint. *See* Fed. R. Civ. P. 8(b)(6).

6

As alleged in the amended complaint, defendant willfully infringed upon plaintiff's copyrighted works in violation of 17 U.S.C. §§ 106(1), 106(3)–(5), and 501. (Am. Compl. ¶¶ 32-33). To establish a case of direct copyright infringement, plaintiff must establish two elements: (1) ownership of the copyright; and (2) that the alleged infringer violated at least one exclusive right granted to the copyright holder. 17 U.S.C. §§ 106, 501(a); *see also Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

First, the facts set forth in the amended complaint establish that plaintiff owns the copyrights to the eight films at issue in this matter, as enumerated in Exhibit B to the amended complaint (Docket no. 10-3) and Exhibit A to this proposed findings of fact and recommendations. (Am. Compl. ¶¶ 3, 22, 29). Second, between October 13, 2017 and June 10, 2018, plaintiff's investigator established direct TCP/IP connections with defendant's IP address and downloaded one or more bits of each of the eight copyrighted films at issue, many of which were bundled in siterips, through BitTorrent. (Am. Compl. ¶¶ 17-21). Plaintiff's investigator recorded the unique "file hash," the electronic identification of the digital film or siterips, of the files that it downloaded from defendant's IP address and the date and time it did so, as detailed in Exhibit A to the amended complaint. (Am. Compl. ¶¶ 18-21, 24; Docket no. 10-2). Thus, plaintiff has shown that defendant copied and distributed elements of the eight copyrights at issue through BitTorrent without plaintiff's authorization, permission, or consent. (Am. Compl. ¶¶ 30–32). Plaintiff has furthermore established that defendant's violation was willful, given the nature of the BitTorrent network. (Am. Compl. ¶¶ 25, 33). Based on the foregoing, the undersigned recommends a finding that plaintiff has established defendant's liability for copyright infringement of the eight copyrights at issue in this action.

**Relief Sought**

Plaintiff's motion for default judgment and incorporated memorandum in support seeks: (i) $12,000.00 in statutory damages; (ii) a permanent injunction enjoining defendant from directly, contributorily, or indirectly continuing to infringe plaintiff's copyrighted works; (iii) an order that defendant delete and permanently remove the copyrighted films at issue in this action and any other copyrighted works of plaintiff from each of the computers and devices under defendant's possession, control, or custody; and (iv) $540.00 in costs. (Docket no. 20 at 16-17).

**Statutory Damages**

Pursuant to 17 U.S.C. § 504(c)(1), a copyright owner may recover "an award of statutory damages for all infringements involved in the action, and with respect to any one work, . . . in a sum of not less than $750 or more than $30,000 as the court considers just" for unintentional infringement. For infringement committed willfully, the court "may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2).

Plaintiff alleges that defendant willfully infringed on its works and that a statutory damages award of up to $150,000.00 would be appropriate. (Docket no. 20 at 10). However, plaintiff seeks $1,500.00 in statutory damages per infringement in this action, two times the minimum statutory damages award under 17 U.S.C. § 504(c)(1), which amounts to a total of $12,000.00 for the eight copyrighted films at issue.[1] (*Id.*). In similar cases, this court has held awards exceeding $1,500.00 per infringement but still well below the statutory maximum were appropriate. *See, e.g., Malibu Media, LLC v. Richard Buka*, No. 1:15-cv-0384 (LMB/JFA), ECF 25 (E.D. Va. Dec. 23, 2015) (awarding $2,250.00 per infringement); *Malibu Media, LLC v.*

---

[1] The minimum award of statutory damages may be reduced to $200 in the event an "infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright." 17 U.S.C. § 504(c)(2). However, the alleged infringer bears the burden of proof under section 504(c)(2). Because defendant has neither appeared in this action nor filed a responsive pleading, the undersigned does not consider such a reduction.

*Megha Bakshi*, No. 1:14-cv-0931 (TSE/TCB), ECF 26 (E.D. Va. June 29, 2015) (awarding

$2,250.00 per infringement).  Plaintiff alleges its actual damages far exceed this sum because

defendant materially aided thousands of BitTorrent participants with infringing on its works,

resulting in thousands of lost sales. (Docket no. 20 at 11).  Given defendant's willful

infringement and considering that plaintiff's actual damages likely exceed the amount of

statutory damages requested by plaintiff, the undersigned recommends a finding that statutory

damages in the amount of $12,000.00 is reasonable.

**Permanent Injunction**

The Copyright Act provides the court with the power to grant injunctions in order to

prevent or restrain infringement of a copyright.  17 U.S.C. § 502(a).  In order for the court to

provide injunctive relief, "a plaintiff must show (1) irreparable injury, (2) remedies at law are

inadequate to compensate for that injury, (3) the balance of hardships between plaintiff and

defendant warrants a remedy, and (4) an injunction would not disserve the public interest." *Raub*

*v. Campbell*, 785 F.3d 876, 885 (4th Cir. 2015) (internal quotation marks omitted) (quoting

*Monsanto Co. v. Geerston Seed Farms*, 561 U.S. 139, 156–57 (2010)).

Regarding the first prong, "[i]rreparable injury often derives from the nature of copyright

violations, which deprive the copyright holder of intangible exclusive rights." *Christopher*

*Phelps & Assocs., LLC v. Galloway*, 492 F.3d 532, 544 (4th Cir. 2007).  As alleged in the

amended complaint, defendant's conduct has made plaintiff's copyrighted works available on

BitTorrent for an extended period of time, and as a result, has exposed the works to widespread

infringement. (Am. Compl. ¶¶ 11, 17–25).  Because defendant's conduct has made it unlikely

that plaintiff will ever gain exclusive control over the copyrighted works at issue, plaintiff has

suffered irreparable harm. *See EMI Apr. Music, Inc. v. White*, 618 F. Supp. 2d 497, 510 (E.D. Va. 2009).

Regarding the second prong, "the requisite analysis . . . inevitably overlaps with that of the first." *MercExchange, LLC v. eBay, Inc.*, 500 F. Supp. 2d 556, 582 (E.D. Va. 2007). Here, absent an injunction, defendant's continued distribution of plaintiff's copyrighted works on BitTorrent makes any calculation of future damages entirely speculative. *See generally Galloway*, 492 F.3d at 544 ("[W]hile the calculation of future damages and profits for each future [infringement] might be possible, any such effort would entail a substantial amount of speculation and guesswork that renders the effort difficult or impossible . . . ."). Accordingly, plaintiff has demonstrated that any remedy at law is inadequate.

The court must next consider whether the remedy of an injunction is warranted given the balance of hardship between plaintiff and defendant. Here, defendant would only suffer the hardship of conforming his actions to comply with the Copyright Act if an injunction is entered. On the other hand, plaintiff faces great difficulty in enforcing its copyrights absent an injunction. Consequently, the balance of hardship weighs in favor of issuing a permanent injunction.

Finally, the court must consider whether the public interest favors a permanent injunction. Here, an injunction would prevent copyright infringement, which in turn furthers the public's interest in preserving the integrity of copyright laws. *See Apple Comput., Inc. v. Franklin Comput. Corp.*, 714 F.2d 1240, 1255 (3d Cir. 1983) ("Since Congress has elected to grant certain exclusive rights to the owner of a copyright in a protected work, it is virtually axiomatic that the public interest can only be served by upholding copyright protections . . . .") (internal quotation marks and citation omitted).

For these reasons, the undersigned recommends that defendant be enjoined from continuing to infringe plaintiff's copyrighted works.

**Destruction Order Pursuant to 17 U.S.C. § 503(b)**

Pursuant to 17 U.S.C. § 503(b), a court may order, as part of a final judgment or decree, "the destruction or other reasonable disposition of all copies . . . found to have been made or used in violation of the copyright owner's exclusive rights." Specifically, plaintiff requests that the court require defendant to delete and permanently remove the digital media files and copies relating to plaintiff's copyrighted works from each computer and device under defendant's possession, custody, or control. (Am. Compl. at 6; Docket no. 20 at 12). Consistent with this statutory provision and to ensure against any future infringement of plaintiff's copyrights, the undersigned recommends that defendant be ordered to delete and permanently remove any of plaintiff's copyrighted works from any computer or device in his possession, custody, or control.

**Attorney's Fees and Costs**

Pursuant to section 505 of the Copyright Act, the court may authorize the recovery of full costs and an award of reasonable attorney's fees to the prevailing party in a copyright action. 17 U.S.C. § 505. Plaintiff requests costs in the amount of $540.00 (consisting of the statutory filing fee of $400.00, process service fees of $60.00, and ISP fees of $80.00). (Docket no. 20-2 ¶ 8). Plaintiff does not request attorney's fees. (Docket no. 20 at 16-17). After reviewing the applicable submissions by counsel, the undersigned recommends a finding that plaintiff is the prevailing party, the costs incurred by plaintiff were associated with this action, and plaintiff's request for $540.00 in costs is reasonable. Accordingly, the undersigned recommends that plaintiff be awarded $540.00 in costs.

## Conclusion

For these reasons, the undersigned magistrate judge recommends that a default judgment be entered in favor of Malibu Media, LLC and that an order be entered that enjoins James Howard from continuing to infringe plaintiff's copyrighted works. It is also recommended that an order be entered that requires James Howard to delete and permanently destroy any digital files or copies of plaintiff's copyrighted works from any computers or devices that are under his possession, custody, or control. The undersigned further recommends that judgment be entered against James Howard in the amount of $12,540.00 (consisting of $12,000.00 in statutory damages arising from the copyright infringement claim and $540.00 in costs).

## Notice

By means of the court's electronic filing system and by mailing a copy of this proposed findings of fact and recommendations to James Howard at 21799 Omeara Terrace, Apartment 203, Ashburn, Virginia 20147, the parties are notified that objections to this proposed findings of fact and recommendations must be filed within fourteen (14) days of service of this proposed findings of fact and recommendations and a failure to file timely objections waives appellate review of the substance of the proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on this proposed findings of fact and recommendations.

ENTERED this 22nd day of February, 2019.

/s/
John F. Anderson
United States Magistrate Judge
John F. Anderson
United States Magistrate Judge

Alexandria, Virginia

12

**Exhibit A: Copyrights-at-Issue for Civil Action No. 1:18cv0832 (CMH/JFA)**

|   | Title | Copyright Registration Number | Date of First Publication | Registration |
|---|-------|-------------------------------|---------------------------|--------------|
| 1 | My Sweet Surrender | PA0002120152 | 05/31/2018 | 06/05/2018 |
| 2 | Deeper and Deeper | PA0002104189 | 02/03/2018 | 02/13/2018 |
| 3 | Purely Perfect Pink | PA0002120139 | 05/26/2018 | 06/05/2018 |
| 4 | Definitely Not So Shy | PA0002081983 | 07/15/2017 | 08/30/2017 |
| 5 | Purely Passionate | PA0002103843 | 01/13/2018 | 02/01/2018 |
| 6 | The Tightest Blonde | PA0002093333 | 10/28/2017 | 11/07/2017 |
| 7 | Russian Girls Are Perfection | PA0002094753 | 11/04/2017 | 11/28/2017 |
| 8 | Deep Inside Gina | PA0002042043 | 03/03/2017 | 03/13/2017 |